# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 20-20130-CR-COOKE

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**LADARIUS DONTRELL CRAWFORD,**

    **Defendant.**

_____/

## **DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on March 13, 2020, a hearing was held to determine whether defendant **LADARIUS DONTRELL CRAWFORD** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby ordered that defendant **LADARIUS DONTRELL CRAWFORD** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by indictment in the Southern District of Florida with possession of ammunition by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1) and possession of a firearm and ammunition by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1).

2. The weight of the evidence against the defendant is substantial. The government has proffered that on December 20, 2019, the defendant and others visited an indoor shooting

range. The defendant was observed on video surveillance firing three firearms and handling ammunition.

On January 15, 2020, the defendant was a passenger of a vehicle. Law enforcement officers stopped that vehicle and discovered a loaded firearm under the seat where the defendant had been sitting. The defendant was arrested and placed in the backseat of a police vehicle. In a recorded conversation, the defendant told the other occupant of the police vehicle that the defendant had a "stick," meaning a firearm, under the seat. The defendant later admitted to law enforcement that he knew there was a firearm under the seat.

The defendant has previously been convicted of a felony.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on August 23, 1997 in Miami, Florida. The defendant has an extensive criminal record including ten arrests since 2012. The defendant has previously been arrested twice for being a felon in possession of a firearm and has prior probation violations. Approximately 13 months after the defendant was released from prison, the defendant was found with a firearm under his seat. Title 18, United States Code, Section 3142(g)(3)(A).

4. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community. Based on the defendant's extensive criminal history and the facts of the instant case, the defendant will likely continue to possess firearms, engage in unlawful activity and be a danger to the community if released on bond for the instant offense. Based on the nature of the instant offense and the defendant's criminal history, the Court has concluded that this defendant presents a danger to other persons and the community.

The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **13th** day of March, 2020.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE