**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cr-20130-KMM

UNITED STATES OF AMERICA

v.

LADARIUS DONTRELL CRAWFORD,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

**THIS CAUSE** is before the Court upon a Superseding Petition for Warrant or Summons for Offender Under Supervision, filed against Defendant Ladarius Dontrell Crawford. (ECF No. 43). The Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned Magistrate Judge for all necessary and proper action with respect to any and all violations of supervised release. (ECF No. 50). An evidentiary hearing was held on December 1, 2023. For the reasons set forth below, the undersigned **RECOMMENDS** that the Superseding Petition be **GRANTED, in part,** and the Court find probable cause to believe that the Defendant committed the violations alleged in the Superseding Petition, as more fully explained below.

**I.     BACKGROUND**

Defendant began a three-year term of supervised release on February 23, 2023. (ECF No. 43). The United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision on May 1, 2023, charging three violations pertaining to unlawfully possessing or using controlled substances, refusing to submit to drug testing, and failing to participate in an approved treatment program. (ECF No. 32). The undersigned held a status conference on the

1

revocation of supervised release. At the status conference, defense counsel represented that Defendant Crawford would admit the violations alleged in the Petition (ECF No. 32). Subsequently, the undersigned issued a report and recommendation recommending that the Court accept Defendant's admission of guilt, which the District Court adopted and set a final revocation hearing for August 24, 2023.

Shortly after setting the final revocation hearing, the United States Probation Office filed a Superseding Petition for Warrant or Summons for Offender Under Supervision on July 13, 2023, charging four superseding violations pertaining to criminal conduct that the Superseding Petition alleged took place on July 11, 2023. (ECF No. 43). The charges consist of possession of a firearm/weapon/ammunition by a convicted felon, tampering with physical evidence while armed, carrying a concealed firearm, and resisting an officer without violence. (*Id.*). The undersigned held a series of status conferences on the revocation of supervised release, before the Court set the matter for an Evidentiary Hearing on December 1, 2023. (ECF No. 56). The Government presented the testimony of three live witnesses, including United States Probation Officer Charisse Garcia, and admitted exhibits in support of the alleged violations.

## II. THE PENDING PETITION FOR REVOCATION

The Superseding Petition was filed on July 13, 2023 (ECF No. 43) and charges Defendant with seven violations:

> 1. Violation of Mandatory Condition, by unlawfully possessing or using a controlled substance. On February 27, 2023, March 1, 7, 13, 20, and 27, 2023, and April 17, 2023, the defendant submitted urine specimens which tested positive for the presence of marijuana in our local laboratory and subsequently confirmed positive by Alere Toxicology Services, Incorporated.
>
> 2. Violation of Mandatory Condition, by refusing to submit to drug testing. On March 1, 2023, the defendant was instructed to submit to drug testing every Monday and failed to do so. The defendant failed to submit to drug testing on April 3, 10, and 24, 2023.

    3.    Violation of Special Condition, by failing to participate in an approved treatment program. On March 13, 20, and 27, 2023, and April 3, 10, 17, and 24, 2023, the defendant failed to attend his scheduled appointments with Compass Health Systems, and to date, has not satisfactorily participated in treatment as directed by the Court and monitored by the U.S. Probation Officer. On April 25, 2023, the defendant was unsuccessfully discharged from Compass Health Systems due to excessive absences.

    4.    Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about July 11, 2023, in Miami Dade County, Florida, the defendant committed the offense of Possession of a Firearm/Weapon/Ammunition by a convicted felon, a 2nd Degree Felony, contrary to Florida Statute 790.23(1)(A).

    5.    Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about July 11, 2023, in Miami Dade County, Florida, the defendant committed the offense of Tampering with Physical Evidence while Armed, a 2nd Degree Felony, contrary to Florida Statute 918.13(1)(A).

    6.    Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about July 11, 2023, in Miami Dade County, Florida, the defendant committed the offense of Carrying a Concealed Firearm, a 3rd Degree Felony, contrary to Florida Statute 790.01(2).

    7.    Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about July 11, 2023, in Miami Dade County, Florida, the defendant committed the offense of Resisting Officer without Violence, a 1st Degree Misdemeanor, contrary to Florida Statute 843.02.

(*Id.* at 2). Defendant had previously announced his intention to admit the first three violations, and at the hearing, reiterated his intention to admit to those violations. The Government similarly announced its intention to limit its evidentiary presentation to prove the allegations of violation No. 4, noting the Government's position that the charges instituted by the State, which form the basis for violations 5 through 7 are redundant, for purposes of this proceeding, to the violation alleged as No. 4.

### III.    THE EVIDENTIARY HEARING

At the evidentiary hearing, the Court heard testimony from Miami-Dade Police Detective Joseph Rodriguez, who testified that he encountered Mr. Crawford on July 11, 2023, while he was

patrolling the Northwest District of Miami-Dade. Detective Rodriguez conducted a traffic stop on a vehicle in which Crawford was a passenger. Crawford ran from the car when it stopped; he was chased and later apprehended by other detectives within Rodriguez's unit (Robbery Intervention Detail, or "RID"). The Government admitted a series of still photographs taken from body worn camera footage from Detective Rodriguez's body camera that evening, including photographs that show the firearm that was recovered near the area through which Crawford fled (Exs. 6, 8). In another photograph, an officer displayed a Florida identification card recovered at the scene of the arrest—Crawford's identification card.

Officer Norbert Melendres testified that he responded to the traffic stop initiated by Rodriguez. When he arrived at the intersection, Detective Rodriguez activated his lights and Melendres heard Rodriguez announce over the radio that he "had a runner." Melendres saw the passenger door of the vehicle open and the passenger jump out. Melendres followed the passenger, who Melendres identified in Court as Defendant Crawford, as he ran southbound along Northwest 27th Avenue, until Crawford turned from the street to enter a restaurant area. Melendres saw Crawford toss a gun over the restaurant fence. Crawford was apprehended at the scene. Melendres advised the other officers over the radio that Crawford had tossed a gun into the restaurant and directed another officer to the location of the discarded firearm. The area was closed off before anyone had an opportunity to potentially tamper with the thrown firearm. Officers secured the gun and processed it for DNA and fingerprint evidence, which was negative. The events were, as noted above, captured on the body worn cameras of at least the two officers who testified at the hearing, and still photographs from the body cameras corroborated the officers' account of events.

U.S. Probation Officer Garcia testified that when she began supervising Mr. Crawford, she reviewed with him the conditions of his supervised release. She presented the copy of his judgment

that she reviewed with him, which shows check marks along the conditions that she explains she had him mark as they reviewed together. She had him sign the judgment after reviewing, affixed her own signature, and retained a copy in her files. The signed copy of judgment was admitted as an exhibit.

No witnesses were presented by Defendant. Defendant did admit as an exhibit a copy of an aerial view photograph of the intersection where the traffic stop occurred; Officer Melendres had marked the photograph during his testimony where specific events had occurred.

## IV.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

In probation revocation hearings, a court must only find that a defendant violated a condition of supervised release by a preponderance of the evidence, rather than beyond a reasonable doubt. 18 U.S.C. § 3583(e)(3); *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) (noting that, even though such violations can lead to imprisonment, the violation need not be criminal). The Federal Rules of Evidence do not apply in supervised release revocation proceedings. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). In weighing whether to admit hearsay testimony in a supervised release revocation proceeding, courts must "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* (citing *United States v. Penn*, 721 F.2d 762, 764 (11th Cir. 1983)).

The contested violations arise from Defendant's failure to refrain from violation of the law; specifically, allegations that Defendant violated Florida Statute § 790.23(1)(A) by possessing a firearm and ammunition after previously being convicted. The evidence advanced at the hearing demonstrated that the person involved in the incident on July 11, 2023, was Defendant Crawford; that he possessed a firearm and ammunition, which he threw away from himself as he fled from officers; and that before that date, he had previously been convicted of a felony (that is, possession

5

of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1)). Accordingly, I find that Crawford violated the mandatory condition of his supervised release, as alleged in violation No. 4, by failing to refrain from committing a new violation of the law.

With respect to violations Nos. 1 through 3, Crawford's in court acknowledgement of his intention to admit to having committed those violations is sufficient for me to find probable cause to support those allegations.

## V.  RECOMMENDATIONS

Based on the foregoing, the undersigned **RECOMMENDS** that the Court find probable cause to support the alleged violations 1, 2, 3 and 4 occurred. The undersigned further **RECOMMENDS** that the Court set a final revocation hearing to decide whether Defendant's term of supervised release should be revoked.

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 1st day of December, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of record